**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Fannie Cameron,

      Plaintiff,                                Civil Action File No.:

      v.

Direct Recovery Services, LLC,            **COMPLAINT WITH**
                                            **JURY TRIAL DEMAND**

      Defendant

_____

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1.    Plaintiff, Fannie Cameron, is a natural person who resides in Fulton County, Georgia.

2.    Defendant, Direct Recovery Services, LLC, is a limited liability corporation authorized to do business in Georgia.  Defendant may be served with

process via its registered agent, Incorp Services, Inc., at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff suffers from deteriorating health. She is disabled and unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8.      Defendant is a collection agency specializing in the collection of consumer debt.

9.      Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     Beginning in February, 2021 the Plaintiff began receiving voicemails from the Defendant.  Specifically, between approximately February 9th through February 15th the Plaintiff received at least four separate computerized voicemails which are set forth chronologically via transcription below.

First voice message, February 9, 2021:

Federal law designates this matter as a confidential notice for Fannie Cameron.  If this is not Fannie Cameron please hang up now.  If this is Fannie Cameron please continue listening to this message.  Do not listen to this message where others can hear as it contains confidential information.  There will not be a three-second pause.  Hello, this is Travis Boyd.  Unfortunately I've received a notice on your file.  It is now Tuesday, February 9th and your file has reached my office due to what looks like is your failure to respond.  While I do need to know if this was done intentionally, or perhaps if it was an oversight, I suggest you communicate.  We are open until 7:00 p.m. today and the phone number I can be reached at is 844-357-0369.  And again it would behoove you to call before we are asked to cease voluntary communication.  And I do apologize for the aggravation, but I did just receive this notice.  Also I'd like you to understand that we have options authorized under your obligation that we'll go down to fifty percent of the amount owed.  Additional options include twelve-payment settlements.  Again that phone number is 844-357-0369.  To pay online go to www.DirectRecoveryServices.com and click on the "pay now" link.  Your account number is 115014033.

## Second voice mail, February 10, 2021:

Federal law designates this matter as a confidential notice for Fannie Cameron.  If this is not Fannie Cameron please hang up now.  If this is Fannie Cameron, please continue listening to this message.  Do not listen to this message where others can hear as it contains confidential information.  There will now be a three-second pause.  Hello, this is Travis Boyd.  I have been given authorization to give you a final call concerning your matter.  We have not heard from you as of yet, but it is still possible to find a resolution.  Based on your public record I believe you're not the type of person to allow this to remain unattended.  Please understand that if you do not contact us or have a representative call, our ability to assist you will not continue.  It is now Wednesday, February 10th.  So this means that you should reach out as soon as you do have the opportunity.  I know this is not good news but we are still in a position to help you as our client has given us authorization to rescind the collections process.  You need to call 844-357-1434.  Understand options authorizing your obligation go down to 50 percent of the amount owed.  Additional options include 12-payment settlements.  Again, the number is 844-357-1434.  To pay online go to www.directrecoveryservices.com and click on the "Pay Now" link.  Your account number is 115014033.

## Third voice mail, on or about February 15, 2021:

This is a confidential message for Fannie Cameron.  If you are not Fannie Cameron you must hang up now.  Hello.  I am being asked to report back to you on your matter which is a concern.  We had to put a hold on your matter at your request and that is a good thing, but it has expired, so you must call 844-357-6735.  I will be available today until 7:00 p.m.  Again, that phone number is 844-357-6735.  We do need you to follow up or unfortunately the matter will be taken out of our hands.  To pay online go to www.directrecoveryservices.com and click on the "Pay Now" link.  Your account number is 115014033.

Fourth voice mail, February 22, 2021:

AUTOMATED SYSTEM:  This is a confidential message for Fannie Cameron.  If you are not Fannie Cameron you must hang up now.  Hello, this is Karen Holtz.  It's Monday, February 22nd and I'm reaching out to you so that you can take advantage of a settlement option that our client is allowing on your matter for tax season only.  Please understand that this is important and you do need to get it set up right away.  The phone number is 844-343-7758.  The following special settlements are available.  On your balance of $605.51 a 50% settlement of $303.76, a 55% settlement in 3 payments, a 65% settlement in 12 payments of $32.80.  Settlements must be set up within the next 2 days.  Again, your account has been reviewed and you do need to contact our office at your earliest convenience before scheduled advancement of your account.  Do call 844-343-7758.  To pay online go to www.directrecoveryservices.com and click on the Pay Now link.  Your account number is 115014033.

13.   None of the four voicemails left by the Defendant identify the Defendant nor do they inform the Plaintiff that they are from a debt collector and that information it obtains will be used to further its collection efforts.

14.   The second voice mail represented to the Plaintiff that the Defendant was making a "final call" concerning her "matter" but that it was still "possible to find a resolution".  Defendant also indicated he had been researching the Plaintiff through some public record.

15.   The third voice mail shows the Defendant reporting back to the Plaintiff to inform her that the "hold" they had placed on Plaintiff's account had "expired."

16.   The fourth voice mail advises that, over the course of the "next two days" a "special settlement" was available.

17.   Based on her personal experience and the ordinary usage of the term "settle" the Plaintiff understood this to mean that the claim being collected by the Defendant was in suit or subject to suit thus generating a "settlement offer".  Such settlement offers serve only to compound confusion over a debt's true character or legal status, as a consumer researching what "settlement" means would reasonably find the dictionary's definition of the term: "an act of bestowing or giving possession under legal sanction." *Settlement*, Merriam-Webster, *http://www.merriam-webster.com/dictionary/settlement*   (last visited November 1, 2020); *see also Settlement*, Black's Law Dictionary (10th ed. 2014) (defining the term to mean "[a]n agreement ending a dispute or lawsuit"). Consequently, the dunning letter in this case is misleading by failing to disclose that the debt it seeks to collect is time-barred and by giving the false impression that Defendant could sue to enforce the debt. *Palmer v. Dynamic Recovery Sols.,*

*LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016).

18.     These vague threats and intimations alarmed the Plaintiff making her fearful of pending or imminent legal action.

19.     Vague statements by a debt collector that a communication is a "final attempt" to make contact or that the failure to act will cause the collector to "escalate" the account can be interpreted to imply that he is about to take some sort of legal action and violates 15 U.S.C. § 1692e(5) if he the collector has no intentions of taking the threatened action. See, *Long v. H&P Capital, Inc., Civil Action No. 3:11-cv-00547, 2013 U.S. Dist. LEXIS 102956, at *6 (N.D. Tex. July 23, 2013)*, citing *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989).

20.     The Plaintiff believes and therefore avers that the initial voice message set forth above was the initial communication from the Defendant.

21.     The Plaintiff had no way of knowing who was calling her or what the subject of the calls was unless she was willing to blindly call a toll-free number or search an internet address. As a result, the Plaintiff was confused as to the nature of these vague messages.

22.    In an effort to discover some information on her own without calling an unknown number, the Plaintiff did review the most recent credit reports she had in her possession as published by TransUnion, Experian and Equifax several months earlier.  A review of these reports did not disclose any collector or creditor by the name "Direct Recovery Services".

## INJURIES-IN-FACT

23.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

8

26.    Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27.    Defendants acts and omissions caused particularized harm to the Plaintiff in that the incomplete and misleading information created confusion in the Plaintiff and precluded here from evaluating or disputing whatever debt is has in collection. Moreover, the Defendant's "mystery calls" disturbed the peace of the Plaintiff while hindering her ability to exercise her rights to limit the calls in accordance with 15 U.S.C. § 1692c.

28.    Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

29.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to deceptive and unfair debt collection practices;

b.)    Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)    Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant by telephone during inconvenient times;

d.)     Anxiety and worry caused by concern that Defendant was going to continue making vague collection calls to the Plaintiff at times that were inconvenient for the Plaintiff; and,

e.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim; that Defendant was going to continue making collection calls to the Plaintiff at times that were inconvenient for the Plaintiff; and that her account was in the process of being escalated to legal process. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

***Violations of 15 U.S.C. § 1692e and its subparts***

30.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

32.    The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35.     The FDCPA is clear that a collector's failure to disclose in the initial written communication with the consumer [MTB to cut and paste 1692e(11).  See, *Edwards v. Niagara Credit Solutions, Inc*., 584 F.3d1350, 1351(11th Circuit 2009).

36.     Defendant's veiled threats intimating that the Plaintiff was in jeopardy of escalation was objectively false and materially misleading and  a violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

37.     Defendant's language offering a settlement created confusion as to the status of the claim and was thus a violation of 15 U.S.C. § 1692e(2)(A).

***Violations of 15 U.S.C. § 1692g***

38.     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

*the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy*

12

*of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.* 15 U.S.C. § 1692g.

39.     Defendant's initial communication failed to comply with § 1692g.

40.     Upon information and belief, Defendant did not send a written Notice Of Debt within 5 days of the initial communication thus violating 15 U.S.C. § 1692g(a).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

41.     Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

42.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

44.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47.     Defendant's conduct has implications for the consuming public in general.

48.     Defendant's conduct negatively impacts the consumer marketplace.

49.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

50.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

53.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

54.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 23rd  day of February, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Mathew Landreau
Georgia Bar No.: 301329
*Mlandreau@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*